IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RODRIGUEZ, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 05-2781 |
| v. | : | |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER, S.J.                                                                                     May 1, 2007

       Presently before the Court is Plaintiff's Objections to Report and Recommendation of United States Magistrate Judge Thomas J. Rueter. For the reasons set forth below, Plaintiff's objections are overruled, and the Magistrate Judge's Report and Recommendation is approved and adopted.

## I. DISCUSSION

       After analyzing the reproduced record, the Administrative Law Judge's ("ALJ") opinion, the Magistrate Judge's Report and Recommendation ("Report"), and Plaintiff's Objections, the Court finds that summary judgment is appropriately entered on behalf of Defendant.

       Even though the Court agrees with the Magistrate Judge's Report and Recommendation, the Court will briefly address Plaintiff's objections. Plaintiff argues that: (1) the Report's conclusions are based on erroneous assumptions consequent to Defendant's failure

to properly "Notice" Plaintiff; (2) the Report fails to address the appropriate Third Circuit Standards; and (3) post-briefing developments require remand in the interests of justice.

### A. Report Is Not Based on Erroneous Assumptions

First, Plaintiff argues that the Report is based on erroneous assumptions including assumptions regarding (1) Defendant's burden of demonstrating medical improvement, (2) Dr. Krausz continued treatment of Plaintiff after January 2003, and (3) Plaintiff's inability to review Dr. Malloy's memorandum in a timely manner. Plaintiff's arguments concerning erroneous assumptions are without merit for the reasons below.

#### 1. Defendant has met her burden of demonstrating medical improvement

Plaintiff argues that the Commissioner did not satisfy her burden of demonstrating medical improvement. This argument is addressed at length in the Report and Recommendation. This Court fully agrees with the analysis done in the Report and refers Plaintiff to the Report beginning at page 9.

#### 2. Dr. Krausz's continued treatment of Plaintiff after January 2003

Contrary to the Report's conclusions, Plaintiff appears to be correct that Dr. Krausz continued to treat Plaintiff after January 2003. (Report at 14 n.11). However as evidenced by its mention in a footnote, this error is inconsequential because the Report places limited emphasis on when treatment by Dr. Krausz ceased. Furthermore, as the Report explains in detail, there was substantial evidence in the record to support a conclusion to discount the opinion of Plaintiff's treating psychiatrist, Dr. Krausz. (Report at 13-14). Therefore, this error is insufficient to establish that the Report is based on erroneous assumptions.

### 3. Opportunity to review Dr. Malloy's Memorandum

Plaintiff argues that he was not given an opportunity to review Dr. Malloy's memorandum in a timely manner. However, the record indicates that the Notice of the partial award contains enclosures including Dr. Malloy's memorandum. ®. at 364). Furthermore, Plaintiff discusses Dr. Malloy's memorandum at length within his brief for summary judgment[1] and never once argues that he was not afforded the opportunity to review Dr. Malloy's memorandum. Therefore, after careful consideration, the Court has determined that Plaintiff has been given an opportunity to review Dr. Malloy's memorandum and thus this objection is without merit.

### B. The Appropriate Third Circuit Standards

Next, Plaintiff argues that the Report fails to address the appropriate Third Circuit standards because (1) the Magistrate Judge failed to address a case cited by the Plaintiff in his brief, (2) the Report partially resuscitates some of ALJ's findings, and (3) the Report fails to properly apply case precedent for rejecting a treating specialist. For the reasons below, these objections are without merit.

#### 1. Magistrate Judge is not required to address specific cases referenced by the parties

The Plaintiff argues that the Magistrate Judge should have addressed <u>Ramirez v. Barnhart</u>, 372 F.3d 546, 554-555 (3d Cir. 2004) which he cited in his brief. However, the Magistrate Judge need only address cases and facts which he finds relevant to his analysis. The Report clearly considers the issue addressed by <u>Ramirez</u> (noting whether the limitations of the

---

1. See Pl's Brief at 21-25.

Plaintiff were included in the hypothetical posed to the Vocational Expert).  The Report fully discusses Plaintiff's limitations and the substantial evidence in the record to support Plaintiff's ability to perform low stress jobs.  (Report at 14).  Thus, this objection is without merit.

### 2. The "partial" resuscitation of ALJ's findings was proper

The Plaintiff's argument that the Report improperly adopts some of the ALJ's findings is without merit.  The Report carefully considered the facts just as the ALJ and Appeals Council did and determined there was substantial evidence to support some of the ALJ's findings, which there is.[2]  Therefore, Plaintiff's argument regarding the partial resuscitation of ALJ's findings is without merit.

### 3. Magistrate Judge's Report does properly apply case precedent for rejecting treating specialist

Plaintiff argues that the Report fails to properly apply case precedent for rejecting treating specialist.  This argument is without merit as the Report clearly and correctly addresses case precedent regarding the rejection of a treating specialist.  (See Report at 12-13).

### C. Post-briefing Developments Do Not Require Remand

Lastly, Plaintiff argues that his subsequent award of social security benefits should impact the Court's review of his initial award of closed period benefits.  The Court disagrees

---

2.  ALJ's Findings.  (R. at 29-30).
    Appeal's Council's Findings.  (R. at 17-18).
   Excerpt from ALJ's Opinion concerning substantial evidence relied upon by him:
      Indeed, by his [Plaintiff's] own account, he is able to drive, and drives his daughter around to where she needs to go; he is able to shop, enjoys playing cards, watches television, and has no problems taking out the trash, preparing meals and doing cleaning chores.  Claimant is the primary caregiver of his school-age daughter, and although described as withdrawn, the progress notes show otherwise.  He had a lady friend, spent the Christmas holidays (2001) with friends, and is invariably described as cooperative with good eye contact during his therapy sessions.
®. at 27).

4

because the well established review standard is whether there is substantial evidence within the record to support the benefit determination. Jesurum v. Sec'y of United States Dep't of Health and Human Serv., 48 F.3d 114,117 (3d Cir. 1995). In this case, there is substantial evidence of medical improvement[3] for the period in which the Plaintiff was denied benefits, September 2002 through July 2004.[4]   Therefore, a subsequent social security benefits award based on a subsequent application should not and does not impact this Court's review of the initial application and award.

## II.  CONCLUSION

For the reasons stated above, the Court approves and adopts the Magistrate Judge's Report and Recommendation.  An appropriate order follows.

---

3. Substantial Evidence of medical improvement includes:
    1. Plaintiff reported that he had been looking for a job.  ®. at 17).
    2. Treatment notes from December 2002 revealed Plaintiff was calm, cooperative, articulate, and had good eye contact. Id.
    3. Dr. Malloy's memorandum which stated Plaintiff had medically improved.  ®. at 372-373).

4. Plaintiff was awarded benefits in an ALJ decision dated June 20, 2006 based on Plaintiff's application dated July 7, 2004.  (Pl's Objections at 8).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RODRIGUEZ, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 05-2781 |
| v. | : | |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 1st day of May, 2007, upon consideration of Plaintiff's Motion for Summary Judgment (Docket No. 13), the Report and Recommendation of the United States Magistrate Judge Thomas J. Rueter (Docket No. 16), Plaintiff's Objections thereto (Docket No. 17), and a careful review of the entire record, it is hereby **ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**. Judgment is entered on behalf of Defendant and against Plaintiff.

This case is **CLOSED**.

BY THE COURT:


 *s/ Ronald L. Buckwalter, S. J.*
 RONALD L. BUCKWALTER, S.J.